# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

CANDY CRAFT CREATIONS, LLC,,

    Plaintiff,

v.

GREG GARTNER, GARTNER STUDIOS, INC., and TYLINA FOOD PRODUCTS CORPORATION,

    Defendants.

CV 212-091

## ORDER

This Court's March 31, 2015 omnibus Order (Dkt. no. 371) denied Defendants' dispositive motions as to most of the claims Plaintiff asserted in its Complaint. In due course, Defendants filed a Motion for Certification Permitting Interlocutory Appeal and for Stay Pending Trial (Dkt. no. 372) on April 15, 2015. Defendants subsequently filed a Motion to Stay the Matter (Dkt. no. 374) pending a ruling in a related insurance coverage matter out of the District of Minnesota. For the reasons stated below, Defendants' Motion for Certification Permitting Interlocutory Appeal (Dkt. no. 372) is **DENIED**, and Defendants' Motion to Stay the Matter (Dkt. no. 374) is **GRANTED**.

1

I. **Defendants' Motion for Certification Permitting Interlocutory Appeal and for Stay Pending Trial (Dkt. no. 372)**

Defendants present three objections to legal conclusions this Court makes in its March 31 Order which they would like to bring before the Court of Appeals before this case proceeds to trial pursuant to 28 U.S.C. § 1292(b).

**a. Legal Standard**

Under 28 U.S.C. § 1292(b), a district judge may issue an order stating that a question of law discussed in a civil order may be appropriate for an immediate appeal, even when the matter is not otherwise appealable at that time. See 28 U.S.C. § 1292(b). At its discretion, the Court of Appeals may then accept the immediate appeal of that question of law. See id.

To certify interlocutory appeal of an order, the district court must find that three requirements are satisfied: (1) the appeal would involve a "controlling question of law," (2) there is a "substantial ground for difference of opinion" on this controlling question, and (3) an immediate appeal on the order "may materially advance the ultimate termination of litigation." See id. Materially advancing the termination of the litigation "means that a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004).

2

The burden of persuading the district court (and, ultimately, the Court of Appeals) that interlocutory appeal is appropriate rests on the petitioning party. See McFarlin, 381 F.3d at 1264. "Section 1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation." United States ex rel Powell v. Am. InterContinental Univ., Inc., 756 F. Supp. 2d 1374, 1378 (N.D. Ga. 2010).

### b. Defendants' Three "Controlling Questions of Law"

Defendants have presented three questions of law which they argue are appropriate for interlocutory appeal:

1. Whether, under the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760, et seq. ("GTSA"), ownership of an alleged trade secret is required to confer upon the plaintiff standing to sue for misappropriation of that trade secret or whether mere possession (including, but not necessarily limited to, knowledge) of the alleged trade secret is sufficient, an unsettled question under Georgia Law.

2. Whether, under Georgia Law, a plaintiff asserting a claim for misappropriation of a trade secret in the face of a defense of legal reverse engineering demonstrates an issue of material fact fit to be tried where the plaintiff demonstrates "any misappropriation," or if Georgia law requires that the plaintiff must demonstrate that the defendant used a substantial portion of the plaintiff's trade secret to create an improvement or modification that is "substantially derived" from the plaintiff's trade secret.

3. Whether the GTSA's provision that it supersedes "conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret" preempts

3

> Plaintiff's tort and restitutionary claims **to the extent** that those claims are based upon Defendants' alleged misappropriation of Plaintiff's trade secrets, even where those portions of Plaintiff's tort and restitutionary claims not based upon misappropriation are not preempted.

Dkt. no. 372 (Def.'s Mot. for Interlocutory Appeal), p. 2 (emphasis in original).

The Court notes, initially, that Defendants' third proposed question of law is not appropriate for interlocutory appeal. In the Order denying Defendants' motion for judgment on the pleadings as to Plaintiff's state law claims, the Court discussed the extent to which Plaintiff's GTSA claims preempt its state law claims for fraud, breach of fiduciary duty, unjust enrichment, promissory estoppel, and punitive damages. Dkt. no. 371, pp. 31-35. The Court concluded that under Georgia law, the GTSA only preempts non-GTSA claims whose operative facts are "facts that would plainly and exclusively spell out only trade secret misappropriation." Id. at 33-34 (quoting Diamond Power Int'l, Inc. v. Davidson, 540 F. Supp. 2d 1322, 1345 (N.D. Ga. 2007)). The Court then examined Plaintiff's non-GTSA claims and found that all of them pleaded operative facts that went beyond those which would exclusively establish a claim for relief under the GTSA. Id. at 34-35. For example, Plaintiff's claim for fraud alleged not only that Defendants misappropriated its fondant recipe, but also that Defendants stole "Plaintiff's customers or

business opportunities." Id. at 34 (quoting Compl. ¶ 96). While the claim that Defendants misappropriated the fondant recipe would be preempted by the GTSA when couched as a claim for fraud (as opposed to one for misappropriation of trade secrets under the GTSA), the claim that Defendants fraudulently stole Plaintiff's business opportunities would not. Because each of Plaintiff's non-GTSA claims alleged facts that would support the claim independent of any allegations that would more appropriately be pleaded under the GTSA, the Court denied Defendants' motion for judgment on the pleadings as to all of Plaintiff's non-GTSA claims which it did not willingly concede. Id. at 35.

Defendants now argue that this holding was erroneous because the Court failed to explicitly state that the non-GTSA claims survive *only to the extent* that they allege wrongdoing that cannot be corrected by the GTSA. According to Defendants, Plaintiff now has a free pass to seek double redress for its misappropriation claims under both non-GTSA and GTSA theories of liability.

Defendants are wrong. The Court's Order does not permit Plaintiff to seek recovery for its trade secret claims under both GTSA and non-GTSA theories. But to the extent that any ambiguity on this point remained despite the Court's Order, that

ambiguity would more appropriately be clarified through jury charges rather than an interlocutory appeal.

As to questions One and Two, Defendant has failed to show that an interlocutory appeal on either of those questions would materially advance the litigation. Even if this Court certified those questions for appeal and the Court of Appeals accepted the appeal and ruled in Defendants' favor, this Court and the parties would still have to go through a trial on several remaining issues, including the non-GTSA claims and Plaintiff's claims for breach of the nondisclosure agreement, equitable accounting, injunctive relief, and attorney's fees and expenses of litigation.[1] Little time or effort would be saved by disposing of these questions on interlocutory appeal, and it is for this reason that "permitting piecemeal appeals is bad policy." See McFarlin, 381 F.3d at 1259.

Thus, Defendants' Motion for Certification Permitting Interlocutory Appeal (Dkt. no. 372) is **DENIED**.

## II. Defendants' Motion to Stay the Matter Pending Resolution of a Related Matter (Dkt. no. 374)

Defendants have also asked this Court to stay the present matter until a related matter between Defendants and their insurance carrier is resolved. See Dkt. no. 374.

---

[1] Indeed, the claims for breach of the nondisclosure agreement, equitable accounting, injunctive relief, and attorney's fees would still have to be tried even if all three questions were appealed. Thus, in addition to being ill-suited for interlocutory appeal, Defendants' third proposed question fails for this reason as well.

AO 72A
(Rev. 8/82)

6

The related matter, <u>Gartner, et al. v. Northern Capital Insurance Group, et al.</u>, is an insurance coverage matter currently under consideration in the United States District Court for the District of Minnesota. Defendants seek a declaratory judgment that Federal Insurance Company d/b/a Chubb is obligated to insure the cost of defending Plaintiff Candy Craft's claims in the instant suit.

Defendants have filed a motion for partial summary judgment in that suit. The District of Minnesota ordered that briefing on dispositive motions be completed by June 10, 2015, and scheduled a hearing on Defendants' motion for June 17, 2015 at 8:30 a.m. CDT in Minneapolis, Minnesota. The District of Minnesota has also ordered that Defendants and their insurers meet in person to attempt to settle the coverage action on July 30, 2015.

The posture of the Minnesota coverage action compels a response from this Court on two fronts. First, the hearing on Defendant's motion for partial summary judgment in Minnesota is scheduled for the day after the June 16 pretrial conference scheduled for this case in Brunswick, Georgia. Because Defendants' counsel is also representing them in the Minnesota matter, maintaining the June 16 pretrial conference date would impose a significant travel burden on Defendants. Second, as Defendants point out, a favorable resolution for Defendants in

the coverage matter would provide them with additional resources in the present suit and could potentially avert trial.

In light of the Minnesota matter's pending hearings and conferences, this Court finds that it is appropriate to **GRANT** Defendants' motion and to **STAY** the present matter until July 31, 2015. On that day, Defendant is **DIRECTED** to notify the Court of the outcome of the July 30, 2015 settlement conference in Minnesota. The pretrial conference in the present case will be rescheduled for August.

**SO ORDERED**, this 19TH day of May, 2015.

_/s/ Lisa Godbey Wood_
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA