UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CANDY CRAFT CREATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 2:12-cv-00091-LGW-JEG |
| v. | ) | |
| | ) | |
| GREG GARTNER, GARTNER STUDIOS, INC., and TYLINA FOOD PRODUCTS CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' MOTION IN LIMINE NO. 6: MOTION TO PROHIBIT PLAINTIFF'S EXPERT J.P. GINGRAS FROM OFFERING TESTIMONY DURING PHASE ONE OF TRIAL THAT IS IN SUPPORT OF OPINION NO. 5 IN HIS EXPERT REPORT OR ANY TESTIMONY DESCRIBING DEFENDANTS' ABILITY TO PAY MONEY DAMAGES**

COME NOW, Greg Gartner, Gartner Studios, Inc., and Tylina Food Products Corporation (collectively "Defendants") and respectfully move this Court for an Order, pursuant to Fed. R. Evid. 402 and 403, prohibiting Plaintiff's expert J.P. Gingras from offering testimony during the first phase of trial that is in support of Opinion No. 5 in his expert report or that describes defendants' ability to pay money damages. In support thereof, Defendants show this Honorable Court as follows:

**STANDARD OF DECISION**

Admissibility of evidence is procedural in nature and governed by the Federal Rules of Evidence. *Cortes v. Am. Airlines, Inc.,* 177 F.3d 1272, 1306 (11th Cir. 1999) ("nonetheless, state law may assist in defining what evidence is material to an issue"). District courts have wide discretion in determining the relevance of evidence produced at trial. *Cabello v. Fernandez-Larios,* 402 F.3d. 1148, 1161 (11th Cir. 2005) (citing *United States v. Kopituk,* 690 F.2d 1289,

1319 (11th Cir. 1982). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Irrelevant evidence is not admissible, while relevant evidence is generally admissible. Fed. R. Evid. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The term "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Note to Fed. R. Evid. 403. "Prejudice is also unfair if the evidence was designed to elicit a response from the jurors that is not justified by the evidence." 2 *Weinstein's Federal Evidence,* § 403.04[1][b] (2d ed. 2003).

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff's expert J.P. Gingras ("Mr. Gingras") should be prohibited from testifying about his expert report's Opinion No. 5[1] during the first phase of the trial as this opinion goes to assessing the *ability to pay* damages, which will not be an issue for the jury during this phase. Additionally, Mr. Gingras should be prohibited from offering any other opinions describing Defendants' *ability to pay* damages during this first phase. Instead, the trial will be bifurcated pursuant to Georgia's Tort Reform Act of 1987 codified at O.C.G.A. § 51-12-5.1(d), and Defendants' *ability to pay* will not be relevant until the jury is tasked with fixing the **amount** of punitive damages in the trial's second phase.[2] *See* Dkt. No. 384 at p. 27, § 22. As a result, any

---

[1] More precisely, Opinion No. 5 discusses Defendants purported ability to pay damages.

[2] *Webster v. Boyett*, 269 Ga. 191, 193 (1998) ("Under the bifurcated trial, the jury would decide liability, the amount of compensatory damages, and liability for punitive damages in the first phase and the *amount* of punitive damages in the second phase.") (emphasis added).

testimony by Mr. Gingras regarding Defendants' ability to pay damages will not be relevant to those issues that are being presented to the jury during the <u>first</u> phase of trial. *See Wilson v. McLendon*, 225 Ga. 119, 121 (1969) (explaining that evidence of financial condition in an action for punitive damages is "offered to aid the jury . . . [in] giv[ing] smart money[.] What a poor man would feel as smart money, one of very large means would not"). Suffice it to say, the jury will not be "giving smart money" during the first phase of trial, and, therefore, the jury will not be aided by evidence of Defendants' ability to pay during this phase. Instead, the jury fixes the amount of <u>compensatory</u> damages in the first phase of trial, which involves making a plaintiff whole—a defendant's ability to pay these damages is not relevant.

Moreover, if testimony regarding Opinion No. 5 or other "ability to pay" testimony is presented during the first phase of trial, it would undoubtedly be highly prejudicial, because the rationale underlying punitive damages is antithetical to that underlying compensatory damages or actual harm. *See Drug Emporium, Inc. v. Peaks*, 227 Ga. App. 121, 135 (1997) ("[I]n Georgia the purpose of punitive damages is to deter," and "deterrence is based on factors *other than* the actual harm caused.") (emphasis added). To wit, if testimony or evidence regarding Defendants' ability to pay is presented during the first phase of the trial, it will, at a minimum, evoke notions of quantifying deterrence. During the trial's first phase, this is particularly inappropriate, because it signals to the jury that there is <u>already</u> something to deter; that is, it suggests to the jury that Defendants <u>are</u> liable.[3]  Put simply, permitting this testimony in the first phase of trial will not only confuse and mislead the jury on this issue, but its prejudicial value will clearly outweigh its probative value.

---

[3] Even worse, it may suggest to some jurors that if there is a close question on liability, they need not take pains to resolve it, because Defendants can afford to pay a judgment even if it is not the result of a truly thoughtful and thorough deliberation.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, Defendants respectfully request that this Court GRANT *Defendants' Motion In Limine No. 6: Motion To Prohibit Plaintiff's Expert J.P. Gingras From Offering Testimony During Phase One Of Trial That Is In Support Of Opinion No. 5 In His Expert Report Or Any Testimony Describing Defendants' Ability To Pay Money Damages* and pursuant to Fed. R. Evid. 402 and 403, enter an Order precluding Plaintiff's expert Mr. Gingras from offering testimony regarding his expert Opinion No. 5 or any testimony describing Defendants' ability to pay money damages during the trial's first phase.

Respectfully submitted this 12th day of August, 2015.

**KAUFMAN & FORMAN, P.C.**

*s/ Robert J. Kaufman*_____
Robert J. Kaufman
Georgia Bar No.: 409197

8215 Roswell Road, Building 800
Atlanta, Georgia 30350
T: (770) 390-9200
F: (770) 395-6720
E: rjk@kauflaw.net
*Attorneys for Defendants*

**GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.**

*/s/ Mark D. Johnson*
Mark D. Johnson
Georgia Bar No. 395041
Samantha A. DiPolito
Georgia Bar No. 203011

P.O. Box 190
Brunswick, Georgia 31521-0190
T: (921) 265-6700
F: (921) 264-3917
E: mjohnson@gilbertharrelllaw.com
E: sdipolito@gilbertharrelllaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 12, 2015, a true and correct copy of the foregoing **DEFENDANTS' MOTION IN LIMINE NO. 6: MOTION TO PROHIBIT PLAINTIFF'S EXPERT J.P. GINGRAS FROM OFFERING TESTIMONY DURING PHASE ONE OF TRIAL THAT IS IN SUPPORT OF OPINION NO. 5 IN HIS EXPERT REPORT OR ANY TESTIMONY DESCRIBING DEFENDANTS' ABILITY TO PAY MONEY DAMAGES** was served by operation of the Court's electronic filing system on all counsel of record.

**KAUFMAN & FORMAN, P.C.**

*s/ Robert J. Kaufman*
Robert J. Kaufman
Georgia Bar No.: 409197

8215 Roswell Road, Building 800
Atlanta, Georgia 30350
T: (770) 390-9200
F: (770) 395-6720
E: rjk@kauflaw.net
*Attorneys for Defendants*