## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| CANDY CRAFT CREATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GREG GARTNER; GARTNER STUDIOS, INC.; and TYLINA FOOD PRODUCTS CORPORATION, <br><br> Defendants. | CIVIL ACTION NO.: 2:12-cv-91 |

## O R D E R

Before the Court are Defendants' Objections to Plaintiff's Exhibit List. (Doc. 404.) The Court held a hearing on these Objections, as well as other pretrial evidentiary matters, on October 8, 2015. The Court issued rulings on many of the Defendants' Objections at that hearing and took others under advisement. Below, the Court finalizes and supplements the Court's rulings and **OVERRULES IN PART** and **SUSTAINS IN PART** Defendants' Objections.

### I. Defendants' Objection to Plaintiff's Exhibit 11.

For the reasons stated at the hearing, the Court **OVERRULES** Defendants' Objections to Plaintiff's Exhibit 11.

### II. Defendants' Objection to Plaintiff's Exhibit 17.

For the reasons stated at the hearing, the Court **OVERRULES** Defendants' Objections to Plaintiff's Exhibit 17. However, Plaintiff must separate the e-mails contained in this Exhibit into two separate exhibits.

### III. Defendants' Objection to Plaintiff's Exhibit 30.

As stated at the hearing, Defendants have **WITHDRAWN** their Objection to Plaintiff's Exhibit 30.

### IV. Defendants' Objection to Plaintiff's Exhibit 38.

For the reasons stated at the hearing, the Court **OVERRULES** Defendants' Objections to Plaintiff's Exhibit 38 at this time. However, Defendants may restate this objection if they have any support for an argument that the translation contained in Exhibit 38 is inaccurate.

### V. Defendants' Objection to Plaintiff's Exhibit 46.

For the reasons stated at the hearing, the Court **RESERVES RULING** on Defendants' Objections to Plaintiff's Exhibit 46 until this Exhibit is offered at trial.

### VI. Defendants' Objection to Plaintiff's Exhibit 80.

For the reasons stated at the hearing, the Court **OVERRULES** Defendants' Objection to Plaintiff's Exhibit 80.

### VII. Defendants' Objection to Plaintiff's Exhibit 83.

As stated at the hearing, Defendants have **WITHDRAWN** their Objection to Plaintiff's Exhibit 83.

### VIII. Defendants' Objection to Plaintiff's Exhibit 88.

As stated at the hearing, the Court **SUSTAINS** Defendants' Objection to Plaintiff's Exhibit 88. The Court stated at the hearing that Plaintiff could address the Court during the trial as to whether these communications could be offered in support of their claim for attorneys' fees under O.C.G.A. § 13-6-11. However, after that hearing, the Court issued its Order on Defendants' Motion in Limine Number 4. (Doc. 426, pp. 11–21.) That Order clarified the scope of evidence that Plaintiff could introduce to support its attorneys' fees claims. (Id. at pp. 17–20.)

Specifically, the Court explained that "Georgia courts have repeatedly held that, when contemplating an attorneys' fees claim under O.G.G.A. § 13-6-11, the jury should not consider conduct during the litigation itself." (Id. at 18–19) (citing, *inter alia*, David G. Brown, P.E., Inc. v. Kent, 561 S.E.2d 89, 90 (Ga. 2002); Stone v. King, 396 S.E.2d 45, 46 (Ga. Ct. App. 1990)). Because Plaintiff's Exhibit 88 pertains to conduct after this lawsuit was filed, it appears that it cannot support Plaintiff's attorneys' fees claim. Thus, should Plaintiff seek to offer Exhibit 88 in support of its claim for attorneys' fees, it must address first address the Court outside the presence of the jury, and it should be prepared to distinguish this exhibit from the evidence addressed by the Court in its ruling on Defendants' Motion in Limine Number 4 and the precedent cited therein.

**IX.  Defendants' Objection to Plaintiff's Exhibit 95.**

At the hearing, the Court took Defendants' Objection to Plaintiff's Exhibit 95 under advisement and noted that it involved many of the same issues raised by Defendants' Motion in Limine Number 4. This exhibit is 477 pages long and consists of several declarations and attachments thereto executed by Defendants' and their representatives and filed in this case. As the Court explained (and the Defendants conceded) at the hearing, Defendants' prior statements can be used for the purpose of impeachment. Furthermore, in its ruling on Defendants' Motion in Limine Number 4, the Court ruled that Defendants' prior statements should not be excluded merely because they made them during the dispute regarding Defendants' discovery misconduct. (Doc. 426, pp. 12–13.) Thus, Defendants' prior statements "will be subject to the same rules of admissibility as in any other case." (Id. at p. 13.)

However, at this time, the Court does not have enough information to rule on Defendants' Objection that Exhibit 95 is irrelevant to the issues to be decided by the jury. Without the benefit

of knowing how and why Plaintiff will offer these documents at trial, the Court must **RESERVE RULING** on Defendants' Objection that Exhibit 95 is not relevant. Nonetheless, the Court can provide the parties some guidance regarding this Exhibit. As explained in the Court's ruling on Defendants' Motion in Limine Number 4, Plaintiff cannot directly base its claims for punitive damages, exemplary damages, or attorneys' fees on conduct during this litigation. (Doc. 426, pp. 17–21.) Thus, Plaintiff cannot argue that, by executing these affidavits, Defendants' representatives acted in bad faith or were stubbornly litigious. However, given that these statements were made directly by Defendants' representatives, they could perhaps be relevant to prove Defendants' pre-litigation state of mind or some other issue. Additionally, given the length of this Exhibit and the numerous attachments, it would likely confuse the jury to introduce the Exhibit in its current form. Furthermore, the Court foresees a great risk that Exhibit 95 could contain some declarations which are admissible and others (particularly the declaration of Defendants' past counsel) which are not. Thus, Plaintiff should separate the declarations included in the Exhibit into individualized exhibits.

### X. Defendants' Objection to Plaintiff's Exhibit 141.

For the reasons stated at the hearing, the Court **OVERRULES** Defendants' Objection to Plaintiff's Exhibit 141. However, as the Court stated at the hearing, to the extent Exhibit 141 paints an incomplete or outdated picture of certain data, Plaintiff must explain that to the jury when offering this Exhibit.

### XI. Defendants' Objection to Plaintiff's Exhibits 159–168.

As stated at the hearing, Defendants' limited Objections to Plaintiff's Exhibits 159–168 are **SUSTAINED AS UNOPPOSED**. Plaintiff will be able to discuss these Exhibits with their

expert during his testimony, but the Exhibits will not be offered as evidence that goes with the jury during its deliberations.

### XII. Defendants' Objection to Plaintiff's Exhibits 169–184.

As stated at the hearing, Defendants' Objection to Plaintiff's Exhibits 169–184 is **OVERRULED**. Defendants objected that these Exhibits were irrelevant, (doc. 404, p. 3), and the Court overrules that Objection. At the hearing, Defendants also argued that the Exhibits could be cumulative, but that is an objection better addressed when the documents are being used at trial or through deposition designations.

### XIII. Defendants' Objection to Plaintiff's Exhibit 187.

For the reasons stated at the hearing, the Court **OVERRULES** Defendants' Objection to Plaintiff's Exhibit 187.

### XIV. Defendants' Objection to Plaintiff's Exhibit 190.

As stated at the hearing, the Court **SUSTAINS** Defendants' Objection to Plaintiff's Exhibit 190. Additionally, the Court's above discussion regarding Exhibit 88 applies to Exhibit 190.

### XV. Defendants' Objection to Plaintiff's Exhibit 191.

For the reasons stated at the hearing, the Court **RESERVES RULING ON** Defendants' Objection to Plaintiff's Exhibit 191.

### XVI. Defendants' Objection to Plaintiff's Exhibit 200.

As stated at the hearing, Defendants have **WITHDRAWN** their Objection to Plaintiff's Exhibit 200.

**XVII. Defendants' Objection to Plaintiff's Exhibits 213–247.**

As stated at the hearing, Defendants' limited Objections to Plaintiff's Exhibits 213–247 are **SUSTAINED AS UNOPPOSED**. Plaintiff will be able to discuss these Exhibits with their expert during his testimony, but the Exhibits will not be offered as evidence that goes with the jury during its deliberations.

**XVIII. Defendants' Objection to Plaintiff's Exhibits 249–252.**

As stated at the hearing, the parties will attempt to reach an agreement regarding the timing of the introduction of Plaintiff's Exhibits 249–252.

**XIX. Defendants' Objection to Plaintiff's Exhibits 254–255.**

As stated at the hearing, the parties will attempt to reach an agreement regarding Defendants' Objections to Exhibits 254–255. Specifically, the parties will review these very long exhibits and assess whether they should be divided into separate exhibits. The parties will also seek to remove those documents that the parties agree are irrelevant, unduly prejudicial, or duplicative. Should the Defendants still have some objections to the materials in these exhibits, they will raise those with the Court at or before trial.

**CONCLUSION**

For the reasons and in the manner set forth above and as stated at the October 8, 2015, hearing, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Defendant's remaining Objections to Plaintiff's Exhibits. Any party seeking to object to these rulings must file specific objections within **fourteen (14) days** of the date of this Order. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Objections or responses thereto must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v.

Arn, 474 U.S. 140 (1985). The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

**SO ORDERED**, this 2nd day of November, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA