**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

CANDY CRAFT CREATIONS, LLC,

      Plaintiff,

      v.

GREG GARTNER; GARTNER STUDIOS,
INC.; and TYLINA FOOD PRODUCTS
CORPORATION,

      Defendants.

CIVIL ACTION NO.: 2:12-cv-91

## O R D E R

Before the Court are Plaintiff's Objections to Defendants' Exhibit List. (Doc. 405.) The Court held a hearing on these Objections, as well as other pretrial evidentiary matters, on October 8, 2015. The Court issued rulings on many of Plaintiff's Objections at that hearing and took others under advisement. Below, the Court finalizes and supplements the Court's rulings and **OVERRULES IN PART** and **SUSTAINS IN PART** Plaintiff's Objections.

### I.    Plaintiff's Objection to Defendants' Exhibit 30.

As stated at the hearing, Plaintiff has **WITHDRAWN** its Objection to Defendants' Exhibit 30.

### II.    Plaintiff's Objections to Defendants' Exhibits 34.

At the hearing, the Court took Plaintiff's Objections to Defendants' Exhibit 34 under advisement. For the reasons set forth below, Plaintiff's Objection is **GRANTED** with a limited exception.

This twenty-page Exhibit consists of communications between Plaintiff's representatives and their customers regarding questions and complaints that customers had regarding Plaintiff's product. Plaintiff objects that this exhibit is irrelevant, prejudicial, and consists of hearsay. (Doc. 405, p. 1.) At the hearing, Defendants argued that they were not necessarily intending to use this Exhibit to prove the truth of the customers' statements but instead to show "the way in which Plaintiff's business was run, how they can handle the rigors of retail on a mass scale and certainly complaints and the ability to handle customer complaints go to that." Defendants also stated that one of the reasons they sought an alternative source for fondant was Plaintiff's "quality control" issues.

As an initial matter, the Court notes that, to the extent Defendants intend to offer these e-mails to prove the truth of these customers' complaints (a purpose which Defendants ostensibly disavow), the e-mails are hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted, and is generally not admissible. United States v. Fernandez, 392 F. App'x 743, 746 (11th Cir. 2010) (citing Fed. R. Evid. 801(c), 802). There are five separate questions that must be answered in order to properly analyze a hearsay issue: "(1) does the evidence constitute a statement, as defined by Rule 801(a); (2) was the statement made by a 'declarant,' as defined by Rule 801(b); (3) is the statement being offered to prove the truth of its contents, as provided by Rule 801(c); (4) is the statement excluded from the definition of hearsay by rule 801(d); and (5) if the statement is hearsay, is it covered by one of the exceptions identified at Rules 803, 804 or 807." Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 562–63 (D. Md. 2007) (citing Fed. R. Evid. 801, 803, 804, 807). Assuming that the customer complaints are asserted to demonstrate

that Plaintiff's product was deficient or that there were quality control issues, the first three of these questions must be answered in the affirmative and the fourth in the negative.

As to the fifth question, Defendants argued at the hearing that these e-mails fall within the so called business records exception to the hearsay rule set forth in Federal Rule of Evidence 803(6). In order to meet the business records hearsay requirement, the e-mails must be "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the document all as shown by the testimony of the custodian or other qualified witness." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1243 (11th Cir. 2009) (quoting Fed. R. Evid. 803(6)). Furthermore, "[t]he touchstone of admissibility under the business records exception to the hearsay rule is reliability." Id. (quoting United States v. Bueno–Sierra, 99 F.3d 375, 378 (11th Cir. 1996)).

For the business records exception to apply, "all persons involved in the process must be acting in the regular course of business—otherwise, an essential link in the trustworthiness chain is missing." T. Harris Young & Assoc.'s, Inc. v. Marquette Elec., Inc., 931 F.2d 816, 828 (11th Cir. 1991). Courts have frequently held that customer complaints cannot fall within the business record exception because the customer, as the supplier of the information, does not act within the regular course of business. For instance, in Rowland v. American General Finance, Inc., 340 F.3d 187 (4th Cir. 2003), the Fourth Circuit addressed the admissibility of a letter that a customer (Albert Terry ("Terry")) had written complaining about an employee of defendant American General Finance, Inc. ("American General"). The court explained,

> To qualify for the business records exception, the document must be prepared by
> someone acting in the course of a regularly conducted business activity. If,
> however, the supplier of the information does not act in the regular course, an
> essential link is broken; the assurance of accuracy does not extend to the

information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail. Clearly, no one at American General, or the State Corporation Commission for that matter, prepared the Terry letter, let alone prepared it in the course of a regularly conducted business activity. Moreover, even if the letter could be considered part of a larger business record (i.e., a record of customer complaints referred from the State Corporation Commission), this would present a double hearsay problem, which would still require that the Terry letter qualify under one of the exceptions or that American General demonstrate standard verification procedures for customer complaints. Nothing in the record supports either of these routes to admissibility.

Rowland, 340 F.3d at 194–95 (citations and internal quotation marks omitted); see also United States v. Baker, 693 F.2d 183, 188 (D.C. Cir. 1982) ("[I]f the source of the information is an outsider, Rule 803(6) does not, by itself, permit the admission of the business record. The outsider's statement must fall within another hearsay exception to be admissible because it does not have the presumption of accuracy that statements made during the regular course of business have."); Williams v. Remington Arms Co., No. 3:05-CV-1383-D, 2008 WL 222496, at *9–10 (N.D. Tex. Jan. 28, 2008) ("It is not enough that [defendant's] employees were themselves acting in the course of a regularly conducted business activity when they investigated the customer complaints, responded to the complaints, or summarized or tabulated the frequency of the customer complaints.").

Furthermore, many courts have recognized that merely because a party's employee regularly receives and sends e-mails does not equate to a finding that all such e-mails fall within the business records exception to the hearsay rule. See, e.g., United States v. Cone, 714 F.3d 197, 219–20 (4th Cir. 2013) (holding that merely stating that the emails were kept in the regular course of business is an insufficient foundation to admit them under the business records exception to hearsay); In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on Apr. 20, 2010, No. MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) ("As to the argument that the defendants regularly receive electronic mail as part of daily business

activities and that their regular practice is to receive and retain such emails, if this was sufficient to invoke the business records exception, then all physical mail received by a defendant likewise would be a 'business record.' This cannot be the right result.").

Defendants have not established that the customers whose complaints are recorded in Exhibit 34 were acting in the scope of any regularly conducted business activity. Defendants will not be able to make such a showing as these customers are not listed as witnesses in this case. Because these customers were the suppliers of the information contained in the complaints, an essential link in the trustworthiness chain is missing. Furthermore, even if Defendants could establish the technical foundation for the business records exception, the circumstances surrounding these complaints do not contain sufficient assurances of reliability to be excluded from the rule against hearsay. For these reasons, Defendants will not be able to admit Exhibit 34 to prove the truth of the matter asserted in these complaints.

The Court now must assess whether Exhibit 34 could be admitted for any other purpose. The Court has reviewed these communications and does not see that they offer any relevance to "the way in which Plaintiff's business was run, how they can handle the rigors of retail on a mass scale" as Defendants argued at the hearing. These communications do not reveal that Plaintiff was wanting in responding to complaints or any other deficiency in its business practice.[1] Even if these communications did offer some relevant insight into Plaintiff's business practice, there is far too large a risk that jurors would review this evidence not for that limited purpose, but as evidence of the substance of the customers' complaints regarding Plaintiff's product. For the reasons stated above, this would be improper. Thus, any relevancy would be far outweighed by the undue prejudice that would inure to Plaintiff if this Exhibit were introduced.

---

[1] Furthermore, even if these e-mails did reveal some deficiency in Plaintiff's business practice, they took place after Defendants terminated their business relationship with Plaintiff and even after this lawsuit was filed. This timing further diminishes any probative value these e-mails could have.

This Exhibit does include many statements made by Plaintiff's representatives. These statements are not hearsay. Fed. R. Evid. 801 (d)(2). However, these statements have little, if any, probative value and could not be properly understood without introduction of the inadmissible and prejudicial customer's complaints to which they were responding. Thus, Plaintiff's communications in Exhibit 34 are generally inadmissible. The Court notes one potential exception. On July 19, 2013, Laura Darnell responded to a customer complaint with the following:

> I do apologize for this huge inconvenience . . . please try kneading some cornstarch into the fondant a little at a time. I am in the process of having our fondant tested for this problem. Our process has not changed at all in the last 4 years, but all of a sudden it seem [sic]to be tacky. Our food scientist seems to think it is the very high humidity from all the rain we have been having in Savannah, and that the fondant is absorbing extra water from the air. I am really sorry for this problem. Please send me you shipping address for a replacement or I can refund your money. I want to restore your faith in our product!!!

(Def.'s Ex. 24, p. 15.) It appears that both sides intend to offer evidence regarding the quality and performance of Plaintiff's product. Ms. Darnell's admission regarding these problems in their product could be relevant. However, these problems apparently arose in July 2013 after this lawsuit was filed. On the other hand, Ms. Darnell stated that Plaintiff's process had not changed in four years. Because this was one communication amongst many the parties have not specifically addressed the admissibility of this e-mail. Accordingly, the parties must address this communication at trial with the Court before it is introduced. The remained of Exhibit 34 will be excluded.

### III.    Plaintiff's Objections to Defendants' Exhibits 35.

At the hearing, the parties addressed Defendants' Exhibits 34 and 35 concomitantly. However, the Court finds these Exhibits to be fundamentally different and **OVERRULES** Plaintiff's Objections to Defendants' Exhibit 35.

Like Exhibit 34, Exhibit 35 includes communications regarding Plaintiff's fondant. However, unlike the communications in Exhibit 34, the communications in Exhibit 35 occurred in the course of Plaintiff's relationship with Defendants. Indeed, these communications are between Plaintiff's and Defendants' representatives. While some of the communications include the substance of a customer's complaint, this Exhibit is admissible for reasons other than the truth of those complaints. For instance, Defendants could potentially use these communications to show the background of its relationship with Plaintiff, the effect these complaints had on Defendants, Defendants' state of mind in dealing with Plaintiff, how Plaintiff responded to customer's complaints, and in support of Defendants' argument that it had reasons other than misappropriating Plaintiff's trade secrets to end its relationship with Plaintiff. For instance, Defendant could potentially argue that, regardless of whether the complaints they were receiving were true, the complaints (or the way Plaintiff responded to them) gave Defendants enough pause to seek an alternative supply source. Again, the key distinction in this Exhibit as opposed to Exhibit 34 is that Defendants were involved in these communications. However, Defendants are cautioned that they should not argue to the jury that the substance of the customer's complaints were true. Moreover, this Exhibit contains many duplicative communications which could be misleading and confusing. Defendants must eliminate these duplications before offering them at trial.

## IV.    Plaintiff's Objection to Defendants' Exhibits 49 & 52.

As stated at the hearing, the Court **OVERRULES** Plaintiff's Objection to Defendants' Exhibits 49 and 52. However, as stated at the hearing and as with all exhibits, Defendants will have to lay a foundation for these articles before using them as Exhibits.

**V.      Plaintiff's Objection to Defendants' Exhibit 114.**

As stated at the hearing, Plaintiff has **WITHDRAWN** its Objection to Defendants' Exhibit 114.

**VI.      Plaintiff's Objection to Defendants' Exhibits 123, 125, 153, 154, & 159.**

As stated at the hearing, the parties will seek to resolve Plaintiff's Objections to Defendants' Exhibits 123, 125, 153, 154, and 159.  Should the parties seek further ruling on those Objections from the Court, they must raise that with the Court prior to trial.

**VII.      Plaintiff's Objection to Defendants' Exhibit 162.**

For the reasons stated above as to Defendants' Exhibit 34, Plaintiff's Objections to Defendants' Exhibit 162 is **SUSTAINED**.  This document largely consists of inadmissible hearsay and any probative value is outweighed by undue prejudice.

**VIII.      Plaintiff's Objection to Defendants' Exhibit 166.**

As stated at the hearing, the Court **RESERVES RULING** on Plaintiff's Objection to Defendants' Exhibit 166.  Without more information about this document, including the identity of its author, the circumstances surrounding its drafting, and how it could be used at trial, the Court cannot rule on Plaintiff's Objection at this time.  Defendants will, of course, have to lay the proper foundation for this document before it will be introduced.

**IX.      Plaintiff's Objection to Defendants' Exhibit 177.**

As stated at the hearing, Defendants have **WITHDRAWN** their Exhibit 177.

**X.      Plaintiff's Objection to Defendants' Exhibit 199.**

As the Court ruled (and Defendants conceded) at the hearing, Plaintiff's Objection to Defendants' Exhibit 199 is **SUSTAINED** except that this affidavit may be used for impeachment purposes.

**XI.     Plaintiff's Objection to Defendants' Exhibit 201.**

As stated at the hearing, Plaintiff has **WITHDRAWN** its Objection to Defendants' Exhibit 201.

**XII.     Plaintiff's Objection to Defendants' Exhibit 202.**

As stated at the hearing, Plaintiff has **WITHDRAWN** its Objection to Defendants' Exhibit 202.

**XIII.    Plaintiff's Objection to Defendants' Exhibit 209.**

As stated at the hearing, the Court **OVERRULES** Plaintiff's Objection to Defendants' Exhibit 209 at this time.

**XIV.    Plaintiff's Objection to Defendants' Exhibit 254.**

For the reasons and in the manner stated at the hearing, the Court **SUSTAINS** Plaintiff's Objection to Defendants' Exhibit 254.

**XV.     Plaintiff's Objection to Defendants' Exhibit 255.**

As stated at the hearing, Plaintiff has **WITHDRAWN** its Objection to Defendants' Exhibit 255.

## CONCLUSION

For the reasons and in the manner set forth above and as stated at the October 8, 2015, hearing, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Plaintiff's Objections to Defendants' Exhibits.  Any party seeking to object to these rulings must file specific objections within fourteen (14) days of the date of this Order.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Objections or responses thereto must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v.

<u>Arn</u>, 474 U.S. 140 (1985).  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.

      **SO ORDERED**, this 2nd day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA