# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CANDY CRAFT CREATIONS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 212-091 |
| | * | |
| GREG GARTNER; GARTNER STUDIOS, | * | |
| INC.; and TYLINA FOOD PRODUCTS | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**ORDER**

Presently before the Court are Plaintiff's Objections to Portions of the Magistrate Judge's Order dated October 22, 2015. Dkt. No. 431. In that Order, the Magistrate Judge granted Defendants' Motion in Limine to the extent that it sought to exclude evidence of Defendants' discovery misconduct resulting in pending monetary sanctions. Dkt. No. 426, pp. 13-21. Also before the Court is the parties' Joint Motion to Replace Plaintiff's Objections with a redacted version. Dkt. No. 434.

After careful review, Plaintiff's Objections (dkt. no. 431) are **OVERRULED**, and the Magistrate Judge's Order (dkt. no. 426), as supplemented herein, remains the Order of the Court.

Additionally, the parties' Joint Motion to Replace Plaintiff's Objections with a redacted copy (dkt. no. 434) is **GRANTED**.

**BACKGROUND**

As recounted in further detail in the Magistrate Judge's Order, Defendants engaged in certain discovery misconduct early in the litigation of this case, including failing to produce tens of thousands of relevant documents in response to Plaintiff's discovery requests. Dkt. No. 426, pp. 10–11, 13 (citing Dkt. Nos. 213, 223). As a result, this Court ordered that Defendants disclose the withheld documents and be subject to monetary sanctions in an amount to be determined at a later date. Id. (citing Dkt. No. 223). In subsequent filings with the Court, Plaintiff indicated that it intended to introduce Defendants' discovery misconduct in the trial of this case, id. at p. 14 (citing Dkt. Nos. 384, 401), which prompted Defendants to file a Motion in Limine seeking, in part, to exclude this evidence, id. at pp. 10, 14 (citing Dkt. No. 389).

On October 22, 2015, the Magistrate Judge entered an Order granting this portion of Defendants' Motion in Limine. Id. at pp. 13–21. First, the Magistrate Judge determined that evidence of Defendants' withholding of documents is not admissible to prove Defendants' state of mind as it relates to Plaintiff's trademark infringement claims. Id. at pp. 14–17. Specifically, the Order states that this evidence is "minimally probative" of

2

Defendants' knowledge and intent in dealing with Plaintiff prior to this litigation, and that its slight probative value is outweighed by "a significant danger of causing unfair prejudice and confusion of the issues, as well as misleading the jury, unduly delaying the trial of this case, and wasting time." Id.

Second, the Magistrate Judge found that this evidence cannot be used in support of Plaintiff's claim for attorneys' fees under O.C.G.A. § 13-6-11, because Defendants' discovery misconduct is not the type of prelitigaiton bad-faith conduct that gives rise to attorneys' fees under this statute. Id. at pp. 17-20. Nor can discovery misconduct be used as circumstantial proof of Defendants' bad-faith conduct prior to litigation, according to the Magistrate Judge, because the probative value of this evidence for this purpose is outweighed by the dangers discussed with regard to Plaintiff's trademark infringement claims. Id. at pp. 17-18 n.10. Third, and finally, the Magistrate Judge determined that this evidence is inadmissible to prove Plaintiff's claims for punitive and exemplary damages, as these claims also must be based on prelitigation conduct of Defendants. Id. at pp. 20-21.

Plaintiff now objects to the Magistrate Judge's Order and asks that the Court reverse or modify his ruling on the admissibility of this evidence. Dkt. No. 431, pp. 1, 5. In particular, Plaintiff argues that Defendants' nondisclosure of

documents is relevant as "tend[ing] to show that . . . they knew [that] they [had] obtained Plaintiff's trade secrets improperly and dealt with Plaintiff in bad faith" prior to this litigation. Id. at p. 3. Plaintiff contends that this evidence is further probative of the claim for attorneys' fees, because it explains the "extraordinary amount of time and money" that Plaintiff's counsel spent to obtain discovery and, as such, goes to the "reasonableness of the expenses of litigation." Id. at p. 4. According to Plaintiff, the introduction of this evidence "would likely take a matter of minutes"—given that it is undisputed that Defendants withheld documents and subsequently disclosed the same pursuant to Court Order—and thus does not present the timeliness dangers contemplated by the Magistrate Judge. Id. at pp. 2–3.

Following the filing of Plaintiff's Objections, the parties jointly submitted a Motion to Replace such document with a redacted version of the same. Dkt. No. 434. The parties assert that a footnote in Plaintiff's Objections quotes material that has been marked "Confidential—Attorneys' Eyes Only." Id. at p. 1. Accordingly, the parties have included a proposed redacted copy of Plaintiff's Objections, which omits the quoted language appearing in this footnote. See id. at pp. 5–9. Additionally, Defendants subsequently filed a Response opposing Plaintiff's

Objections and urging the Court to affirm the Magistrate Judge's Order.  Dkt. No. 438.

**DISCUSSION**

**I.  Plaintiff's Objections (Dkt. No. 431)**

Under Federal Rule of Civil Procedure 72(a) ("Rule 72(a)"), "[a] party may serve and file objections" to a Magistrate Judge's order on a nondispositive pretrial matter "within 14 days after being served with a copy."  <u>See</u> <u>also</u> Local R. 72.2.  Rule 72(a) further provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); <u>see</u> <u>also</u> Local R. 72.2.

Significant here is that relevant evidence is admissible unless some federal constitutional or statutory provision or other rule provides otherwise.  Fed. R. Evid. 402.  Evidence is relevant if it tends to make a fact of consequence in a case more or less probable.  Fed. R. Evid. 401.  Notwithstanding the relevance of proffered evidence, a district court may exclude such evidence if one of the following dangers substantially outweighs its probative value: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403 ("Rule 403").

Contrary to Plaintiff's Objections, the Magistrate Judge correctly determined that evidence of Defendants' discovery misconduct and pending sanctions should be excluded from Plaintiff's case in chief under Rule 403. See Dkt. No. 426, pp. 16-17, 20 & n.3. As the Magistrate Judge noted, Defendants' actions during this litigation—while perhaps indicative of their knowledge and intent during the discovery period—would be only slightly probative of their state of mind when the events giving rise to this action occurred. Id. at pp. 15, 20 & n.3. Moreover, because Plaintiff's trademark infringement claims and claims for attorneys' fees hinge on Defendants' state of mind and conduct prior to this litigation, evidence of their misconduct during the discovery period is highly likely to confuse the issues, mislead the jurors, and unduly prejudice Defendants.

Plaintiff attempts to downplay the impact of this evidence by repeatedly emphasizing the "undisputed" nature of the facts that it seeks to introduce, including the facts that Defendants initially failed to disclose documents and that Plaintiff's counsel had to obtain a Court Order to compel production. See, e.g., Dkt. No. 431, p. 2. However, Plaintiff plainly states that one of the purposes of presenting this evidence would be to suggest that Defendants neglected to disclose the documents because they knew that they had improperly obtained trade

secrets and dealt with Plaintiff in bad faith prior to this litigation.  Id. at pp. 3–4.  As such, Plaintiff seeks to create an inference through this evidence that most certainly would be disputed and, as the Magistrate Judge found, would result in a "trial within a trial" that would unduly delay the resolution of this case.  Dkt. No. 426, p. 16.  Under these circumstances, the Magistrate Judge did not clearly err in concluding that evidence that Defendants withheld documents is inadmissible to prove their liability for misappropriating trade secrets or otherwise engaging in bad-faith conduct that would warrant an award of attorneys' fees.[1]

Nor did the Magistrate Judge err in finding this evidence inadmissible to establish the amount or reasonableness of Plaintiff's claim for attorneys' fees.  Indeed, Plaintiff acknowledges that this evidence is only marginally probative of the nature of its attorneys' fees, in listing many other items of evidence that it intends to introduce for this purpose: the

---

[1]  Defendants devote much of their Response to arguing that the disputed evidence is inadmissible as direct proof of Plaintiff's entitlement to attorneys' fees, citing the Magistrate Judge's discussion of in-litigation conduct as insufficient to underlie a claim for attorneys' fees under O.C.G.A. § 13-6-11.  Dkt. No. 438, pp. 4–6 (citing Dkt. No. 426, p. 18).  However, Plaintiff concedes in its Objections that a fee award under the statute must be based on prelitigation conduct, and challenges only the Magistrate Judge's exclusion of this evidence as circumstantial proof of the nature of such conduct in this case.  See Dkt. No. 431, pp. 4–5.  Because it appears that Plaintiff does not make any objection to the exclusion of this evidence as direct proof of this claim, the Court need not address Defendants' arguments on this point.

7

contingent fee agreement between Plaintiff and its counsel, a billing summary showing the number of hours that Plaintiff's counsel have worked on this matter, itemized lists of counsel's out-of-pocket expenses, and one attorney's expert testimony regarding the type and amount of work required of Plaintiff's counsel.  See Dkt. No. 431, p. 5.  To the extent that Plaintiff is concerned about demonstrating the reasonableness of the hours spent rectifying Defendants' discovery misconduct, such a showing could be subsumed by expert testimony validating, in general terms, the reasonableness of the time devoted to various discovery matters under the circumstances of this case. Moreover, any additional support that evidence of Defendants' discovery misconduct could lend to this inquiry would be heavily outweighed by the potentially negative impact of this evidence, as discussed supra.

The Court, however, reserves ruling on whether this evidence may become admissible for purposes other than use in Plaintiff's case in chief.  Indeed, the parties have not addressed alternative contexts, and the Magistrate Judge's Order does not cover the same.  Even so, it is conceivable that Defendants could challenge Plaintiff's evidence of the reasonableness of its discovery-related fees, and, in such circumstances, the probative value of Defendants' discovery misconduct, for rebuttal purposes, may outweigh its potentially

prejudicial effect. In any event, the Court declines to resolve, at this time, the admissibility of this evidence for another purpose, and instead will take up this issue should it arise at trial.[2]

Thus, Plaintiff's Objections to the Magistrate Judge's Order are **OVERRULED** in their entirety.

**II. Parties' Joint Motion to Replace (Dkt. No. 434)**

Because it appears that Plaintiff's Objections contain material that the parties agree is confidential, and the parties' proposed redacted version adequately and appropriately omits this material, the parties' Joint Motion to replace this filing with the redacted version is **GRANTED**.

**CONCLUSION**

Based on the foregoing, Plaintiff's Objections (dkt. no. 431) to portions of the Magistrate Judge's Order on Defendants' Motion in Limine are **OVERRULED**. Accordingly, the Magistrate Judge's Order (dkt. no. 426), as supplemented herein, remains

---

[2] Defendants argue that the Court is already acquainted with the evidence of Defendants' withholding of documents, as the Court relied on this evidence in ordering Defendants to produce the documents, and thus need not be presented with this evidence at trial. Dkt. No. 438, pp. 6–7. However, Defendants overlook that it is the jury, not the Court, that will decide the claim for attorneys' fees under O.C.G.A. § 13-6-11, including the issue of the reasonableness of such fees. SKB Indus., Inc. v. Insite, 551 S.E.2d 380, 385 (Ga. Ct. App. 2001) ("Regardless of the amount paid, the reasonableness and value of the expenses of litigation and attorney fees under OCGA § 13-6-11 were for the jury to determine." (citing Am. Med. Transp. Grp. v. Glo-An, Inc., 509 S.E.2d 738 (Ga. Ct. App. 1998), and Patterson & Co. v. Peterson, 84 S.E. 163 (Ga. Ct. App. 1915))).

the Order of the Court. In addition, the parties' Joint Motion to Replace Plaintiff's Objections with a redacted copy thereof (dkt. no. 434) is **GRANTED**. The Clerk of Court is **DIRECTED** to replace the document filed as Plaintiff's Objections at docket entry number 431 with the parties' redacted version appearing on pages five through ten of docket entry number 434.

**SO ORDERED**, this 1st day of December, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA